# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
                                  )
                  **Plaintiff,** )
                                  )     CRIMINAL ACTION
**v.**                                   )
                                  )     No. 07-20163-01-KHV
**RONALD E. BROWN, JR.,**          )
                                  )
                  **Defendant.** )
_____)

## **MEMORANDUM AND ORDER**

On January 6, 2010, the Court sentenced defendant to 121 months in prison. This matter is before the Court on defendant's letter (Doc. #58) filed March 24, 2011, which the Court construes as a motion for an extension of time to file a Section 2255 motion.

In his letter, defendant states that he intends to file a Section 2255 motion but that he recently learned that such a motion may be untimely. To the extent defendant asks for an extension of the deadline to file a Section 2255 motion, the Court has no authority to extend the statutory deadline in 28 U.S.C. § 2255. See Washington v. United States, 221 F.3d 1354 (Table), 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000); United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000); United States v. Miller, No. 06-cr-20080, 2008 WL 4541418, at *1-2 (C.D. Ill. Oct. 9, 2008). Congress has expressly limited the time in which a prisoner can bring a Section 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes the clear intent of Congress to accelerate the federal habeas process.[1] Washington, 2000 WL 985885, at *1.

---

[1] Because defendant did not file a direct appeal, his conviction became final on January 20, 2010 (14 days after the Court entered judgment). See Rules 4(b)(1)(A), 4(b)(6) and 26(a)(1), Fed. R. App. P. The ordinary one-year period of limitations therefore expired on January 20, 2011. As explained below, this deadline is subject to certain exceptions.

The deadline to file a Section 2255 motion is subject to certain exceptions such as equitable tolling, but the question of tolling is ripe for adjudication only when a Section 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the Court *sua sponte*. United States v. Daniels, 191 Fed. Appx. 622, 622 (10th Cir. 2006); United States v. Verners, 15 Fed. Appx. 657, 660 (10th Cir. 2001); see United States v. Garner, No. 05-20094-CM, 2008 WL 4657281, at *1 (D. Kan. Oct. 20, 2008); United States v. Bedolla, No. 04-40001-SAC, 2008 WL 2949565, at *2 (D. Kan. July 30, 2008). Because defendant has not yet filed a Section 2255 motion, any request for the Court to grant an extension under the doctrine of equitable tolling is not ripe. A ruling on that issue at the present time would constitute an advisory opinion. See Verners, 15 Fed. Appx. at 660 (question of equitable tolling not ripe until Section 2255 motion is filed). The Court therefore denies defendant's motion for extension of time. See Daniels, 191 Fed. Appx. at 622; Verners, 15 Fed. Appx. at 660; see also United States v. White, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (federal court lacks jurisdiction to consider timeliness of Section 2255 petition until petition is filed); Leon, 203 F.3d at 164.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #58) filed March 24, 2011, which the Court construes as a motion for extension of time to file a Section 2255 motion, be and hereby is **OVERRULED without prejudice**.

Dated this 4th day of April, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
